IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND

| | |
|---|---|
| AARON LITTLE FRENCH,<br>    Plaintiff, | *<br>*  |
| v. | CIVIL ACTION NO. CCB-07-1298 |
| | * |
| JOSEPH P. MANCK, et al,<br>    Defendants. | *<br>* |

******

## MEMORANDUM

This civil rights action, filed on May 16, 2007, alleges that state court judge the Honorable Joseph P. Manck and state Clerk of Court Robert Duckworth have conspired to deny plaintiff his civil rights by failing to docket papers he has filed in the state court. Paper No. 1. Counsel for defendant has filed a dispositive motion, and plaintiff has filed a response. Paper Nos. 10, 16, 17, and 18. No hearing is needed to resolve the question as to whether plaintiff is entitled to relief. *See* Local Rule 105.6 (D. Md. 2004). For the reasons that follow, defendants' motion to dismiss and/or for summary judgment, shall be granted.[1]

### 1. Background

Plaintiff is a Maryland inmate currently incarcerated at the North Branch Correctional Institution in Cumberland, Maryland. He states that on fourteen separate occasions his efforts to gain judicial review of inmate grievance decisions as well as three efforts to appeal to the Maryland Court of Special Appeals have been thwarted. Paper No. 1.

The Maryland courts have deemed plaintiff a "frivolous filer" under Md. Code Cts. & Jud. Proc.§ 5-105 for his having filed three or more civil actions which have been declared frivolous by

---

[1] Also pending is plaintiff's motion for default judgment. Paper No. 14. The motion shall be denied.

either a state or federal court. Paper No. 10, Ex. 1.   Having been so designated, plaintiff must first seek leave of the state court before instituting a new civil case.

## 2. Standard of Review

The standard for evaluating a motion for judgment on the pleadings is the same as for a Rule 12(b)(6) motion to dismiss. *Edwards v. City of Goldsboro*, 178 F.3d 231, 243 (4th Cir. 1999) ("[V]iewing the Defendants' motion as a Rule 12(c) motion does not have a practical effect upon our review, because we review the district court's dismissal de novo and in doing so apply the standard for a Rule 12(b)(6) motion."). Per the Supreme Court's ruling in *Bell Atlantic Corp. v. Twombly*, 127 S.Ct. 1955 (2007), it is no longer the case that "a complaint should not be dismissed for failure to state a claim unless it appears beyond doubt that the plaintiff can prove no set of facts in support of his claim which would entitle him to relief," *Conley v. Gibson*, 355 U.S. 41, 45-46 (1957). As applied in this case, *Bell Atlantic Corp.* means that "[f]actual allegations must be enough to raise a right to relief above the speculative level, on the assumption that all the allegations in the complaint are true (even if doubtful in fact)." 127 S. Ct. 1965. "Once a claim has been stated adequately, it may be supported by showing any set of facts consistent with the allegations in the complaint." *Id.* at 1969 (quoted in *Goodman v. PraxAir*, 494 F.3d 458, 466 (4th Cir. 2007). Moreover, the "plaintiff's obligation to provide the 'grounds' of his 'entitl[ment] to relief' requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do." *Id.* at 1964-65.

## 3. Analysis

The defense of absolute immunity extends to "officials whose special functions or constitutional status requires complete protection from suit." *Harlow v. Fitzgerald*, 457 U.S. 800, 807 (1982). Judges, whether presiding at the state or federal level, are clearly among those officials

who are entitled to such immunity. *Id., citing Stump v. Sparkman*, 435 U.S. 349 (1978). Because it is a benefit to the public at large, "whose interest it is that the judges should be at liberty to exercise their functions with independence and without fear of consequences," *Pierson v. Ray*, 386 U.S. 547, 554 (1967), absolute immunity is necessary so that judges can perform their functions without harassment or intimidation. "Although unfairness and injustice to a litigant may result on occasion, 'it is a general principle of the highest importance to the proper administration of justice that a judicial officer, in exercising the authority vested in him, shall be free to act upon his own convictions, without apprehension of personal consequences to himself.'" *Mireles v. Waco*, 502 U.S. 9, 10 (1991), *quoting Bradley v. Fisher*, 13 Wall. 335, 20 L.Ed. 646 (1872). Moreover, the law is well-settled that the doctrine of judicial immunity is applicable to actions filed under 42 U.S.C. § 1983. *See Stump*, 435 U.S. at 356.

In determining whether a particular judge is immune, inquiry must be made into whether the challenged action was "judicial" and whether at the time the challenged action was taken the judge had subject matter jurisdiction. *See Stump*, 435 U.S. at 356. Unless it can be shown that a judge acted in the "clear absence of all jurisdiction," absolute immunity exists even when the alleged conduct is erroneous, malicious, or in excess of judicial authority. *Id.* at 356-57.

Court clerks enjoy derivative absolute immunity when they are acting pursuant to a judicial order or under the court's direction. *See McCray v. Maryland* 456 F.2d 1, 5 (4th Cir. 1972).

A review of plaintiff's allegations against defendants does not compel the conclusion that the either defendant acted in clear absence of jurisdiction. Rather, plaintiff's lawsuit is exactly the type of action that *Pierson* recognized as necessitating the doctrine of judicial immunity. In apparent disagreement with the decisions reached at the state court level, this pro se litigant has turned to this forum to assert allegations of unconstitutional acts against the state court judge and clerk of court.

Defendant Manck's actions in dismissing plaintiff's filings due to his having been deemed a "frivolous filer" under Maryland law were clearly within in the scope of his jurisdiction. Defendant Duckworth then acted in accordance with the orders issued by Judge Manck. Because judicial and derivative immunity preclude plaintiff's recovery against both defendants, dismissal of his claims is appropriate.

    A separate Order shall be entered reflecting the ruling set forth herein.

   October 30, 2007                                         /s/
Date                                                Catherine C. Blake
                                                      United States District Judge